HIRAM QUINN vs. JONATHAN B. BESSE.

*Complaint for flowage—when it may be referred under R. S., c. 108.*

A statute complaint for flowage may be submitted to the determination of referees, under R. S., c. 108, unless it expressly appear that the title to real estate was necessarily involved, or that the referees attempted to pass upon such title.

ON EXCEPTIONS.

Mr. Quinn claimed that his land had been overflowed and damaged by means of a dam erected by Mr. Besse upon his own land. They agreed to refer the claim to three persons, agreeably to R. S., c. 108, and a submission in the form there indicated was entered into, signed and acknowledged by the parties, October 6, 1873.

The plaintiff's claim, as annexed to this submission, was in these words : "The said Quinn claims that the said Besse has erected or caused to be erected a dam across the stream, the outlet of Lovejoy's pond, in Albion, above said Besse's mill, and continues to support said dam for the purpose of raising a head of water to operate his mill erected on his own land, and that by reason of said dam the water is flowed back and kept upon the land of said Quinn, and has materially injured the same. Said Quinn claims damages for said flowage in the sum of $200 for the last three years."

The referees had hearings upon the thirtieth day of April and the seventh day of May, 1874, and awarded "that Hiram Quinn do recover of the said Jonathan B. Besse the sum of ninety dollars damages and costs of court," &c. The defendant moved that the report be rejected and the case dismissed upon the ground that the submission gave the referees no jurisdiction over the subject matter. The court at *nisi prius* denied the motion, ordered the acceptance of the report, and the defendant excepted.

*W. P. Whitehouse* for the plaintiff.

*R. Foster* for the defendant.

BARROWS, J.  Quinn's claim for damages for three years flowage of his land by means of a mill-dam erected by the defendant upon his own land, was duly submitted by the parties to arbitrators in pursuance of the provisions of the 108th chapter of the Revised Statutes.

Upon the presentation of the report, the defendant objected to its acceptance upon the ground that the arbitrators had no jurisdiction of the subject matter.  Chapter 108 authorizes the submission to arbitration in this mode of "all controversies which may be the subject of a personal action."

The defendant's objection to the jurisdiction is two-fold:

1.  That a complaint for flowage is a proceeding *sui generis*, and therefore cannot be deemed a personal action within the meaning of chapter 108.

2.  That the title to real estate on both sides is necessarily involved, and therefore it is not the subject of a personal action.

I.  The appropriate remedy for such an injury at common law is unquestionably a personal action to recover the damages.  R. S., c. 92, prescribes the form of the proceeding only.  It is to be by complaint which may be inserted in a writ of attachment and served by summons and copy.  § 6.  It takes the place of the action at common law.  §§ 12 and 23.  It must be regarded simply as the statutory substitute for such action, and as being, within the meaning of chapter 108, itself a personal action, and a proper subject of arbitration unless matters which cannot be the subject of a personal action are necessarily involved.

II.  There is neither proof nor suggestion that there was any actual controversy between these parties as to their respective titles to the several parcels of land referred to in the plaintiff's claim.  For aught that appears, the only question was as to the amount of damage.

This brings the case directly within the reasoning of the court in the case of *Propr's of Fryeburg Canal* v. *Frye*, 5 Maine, 41.

In that case which was error to reverse a judgment rendered upon a statute submission, the court say : "It is objected that the subject matter in dispute between the parties, affecting the title to real estate, could not be adjudicated upon by referees appointed under a submission before a justice. If the title to real estate is necessarily involved in this controversy . . . this error is well assigned." But as it did not appear that any question arose as to the right of either party in real estate, the court liken it to an action of trespass *quare clausum* brought before a justice of the peace where the defendant does not contest the plaintiff's title, and say "it is a mere question of damage and not of title." That case is a decisive authority for the plaintiff in this upon both points ; for one of the errors assigned there was that a special mode of ascertaining the damages of the land owners was prescribed by the statutes creating the canal corporation. *Held*, not to preclude the submission of a question of damages to arbitration under the statute.

That the plaintiff's demand is but a mere pecuniary claim, capable of being waived, satisfied or extinguished by parol, was well held in *Snow* v. *Moses*, 53 Maine, 547. See also *Hersey* v. *Packard*, 56 Maine, 395.

No question which could properly be determined in a real action only, seems to be necessarily involved in a reference of this description. As in an action of trespass *quare clausum*, it may be only a question of damage, and not of title. Unless the arbitrators undertook to pass upon a disputed question of title to real estate, the case was clearly within their jurisdiction. It does not appear that they did.                           *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON and DANFORTH, JJ., concurred.